[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10293

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RODOLFO ORTIZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:09-cr-20710-JAL-1

_____

Before WILSON, ROSENBAUM, and BLACK, Circuit Judges.

PER CURIAM:

Rodolfo Ortiz, proceeding *pro se*, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as modified by § 603(b) of the First Step Act,[1] and the denial of his motion for reconsideration. After review,[2] we affirm.

Section 3582(c) empowers a district court to modify a term of imprisonment under certain circumstances. 18 U.S.C. § 3582(c). As amended by § 603(b) of the First Step Act, § 3582(c) now provides, in relevant part, that:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the

---

[1] Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[2] We review for abuse of discretion a district court's denial of a prisoner's 18 U.S.C. § 3582(c)(1)(A) motion and the denial of a motion for reconsideration of that order. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021); *United States v. Llewlyn*, 879 F.3d 1291, 1294 (11th Cir. 2018).

> extent that they are applicable, if it finds that . . . ex-
> traordinary and compelling reasons warrant such a
> reduction . . . and that such a reduction is consistent
> with applicable policy statements issued by the Sen-
> tencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

The policy statement applicable to § 3582(c)(1)(A), U.S.S.G. § 1B1.13, states that extraordinary and compelling reasons exist under any of the circumstances listed, provided the court determines the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13, comment. (n.1). Under § 1B1.13, a defendant must show (1) extraordinary and compelling reasons for his release; (2) that his release would satisfy the § 3553(a) factors;[3] and (3) that he does not pose a danger to the community. *See United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021) (explaining to grant a reduction under § 3582(c)(1)(A), a district court must find that all three

---

[3] Under § 3553(a), a district court's sentence must be sufficient, but not greater than necessary, to achieve the goals of sentencing, which are as follows: reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, deterring future criminal conduct, protecting the public, and providing the defendant with any needed training or treatment. 18 U.S.C. § 3553(a)(2)(A)-(C). Section 3553(a) also requires district courts to consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, any pertinent policy statement, the need to avoid disparate sentences, and the need to provide restitution to any victims. *Id.* § 3553(a)(1), (a)(3)-(7).

necessary conditions are satisfied, and district courts need not address these three conditions in a specific sequence, as the absence of one forecloses a sentence reduction).

The district court did not abuse its discretion in finding Ortiz's criminal history outweighed his post-incarceration rehabilitation efforts for purposes of his dangerousness to the community and the § 3553(a) factors.[4]  Although Ortiz argues the offenses he committed between the ages of 22 and 26 should not heavily weigh against him, he largely cites documents supporting lower sentences for minors, not young adults.  Ortiz committed a wide array of offenses over the course of several years and showed a trend of escalation, beginning with carrying a concealed firearm and escalating to kidnapping and third-degree murder.  During several offenses, Ortiz made threatening statements to or about various individuals.  Although Ortiz notes the instant offense was a sting operation without real drugs, he believed that real drugs were involved, represented himself as a professional; confirmed he would be armed during the robbery; and was in a vehicle with black ski masks, black shirts, black gloves, black hats, makeshift handcuffs, loaded pistols, and police badges.  Additionally, Ortiz had several infractions in prison, including ones involving a weapon and methamphetamine.

---

[4] Because the district court assumed Ortiz presented extraordinary and compelling reasons for his release, and denied him relief based on the § 3553(a) factors and the danger he posed to the community, we do not address Ortiz's arguments regarding extraordinary and compelling circumstances.  *See Tinker*, 14 F.4th at 1237-38.

22-10293                Opinion of the Court                5

The district court was entitled to weigh those factors more heavily than his rehabilitative efforts. *See United States v. Cook*, 998 F.3d 1180, 1184 (11th Cir. 2021) (stating the district court's "[e]xamining and weighing these considerations—which may point in different directions—is suffused with discretion").

The district court also did not abuse its discretion in denying Ortiz's motion for reconsideration. Ortiz raised only one potentially new issue—an issue he could not have raised in his initial motion—the prospect of Legionnaire's disease at his facility. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) ("A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment," including "new arguments that were previously available, but not pressed." (quotation marks omitted)). However, that new issue only went to extraordinary and compelling reasons for relief, which the district court assumed Ortiz had presented. The issue did not relate to the § 3553(a) factors or the danger the district court found Ortiz posed to the community.

6                    Opinion of the Court                    22-10293

The district court did not abuse its discretion in denying Ortiz's motion for compassionate release or his motion for reconsideration.[5]  Accordingly, we affirm the district court.

**AFFIRMED.**

---

[5] We do not address the issues that Ortiz raises for the first time in his reply brief or his arguments that are not bases for relief under § 3582(c), such as the procedural and constitutional appropriateness of his convictions, sentences, and PSI calculations.